1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAFET CHAVEZ,                                    )          Case No.: 2:10-00234-GMN-LRL
                                                          )
                              Plaintiff,          )                    **ORDER**
            vs.                                   )
                                                          )
ANTHONY SCILLIA, et al.,                          )
                                                          )
                              Defendants.         )
_____)

10
11
12

        Before the Court is a motion to dismiss the petition for writ of habeas corpus (ECF

No. 12) and Petitioner's response (ECF No. 18).  Based upon the following discussion,

the motion to dismiss shall be granted and the petition dismissed without prejudice.

13

**I.        Procedural Background**

14
15
16
17

        Petitioner was convicted after a negotiated guilty plea on a single count of

Robbery with the Use of a Deadly Weapon and a single count of Attempted Murder with

the Use of a Deadly Weapon. (Exhibit 4.)[1]  Judgment was entered September 5, 2008.

(Exhibit 5.)  Petitioner did not file a direct appeal.

18
19
20
21
22
23

        On December 25, 2008, Petitioner filed a "Motion for Sentence Modification

and/or Plea Agreement [sic]." (Exhibit 6.)  In that motion, Petitioner raised claims of

ineffective assistance of counsel, alleging (1) that counsel failed to assist Petitioner and

failed to maintain communication with him or his family; (2) that counsel failed to pursue

any defense and did not file any motions or question potential witnesses; (3) that counsel

was not adequately prepared to proceed and advise Petitioner to plead guilty; (4) that

24

25

_____

[1] The exhibits referenced in this order were submitted by respondents in support of their motion to dismiss and are
located in the court's record at ECF 13.

counsel advised Petitioner incorrectly regarding the maximum sentence he would serve;

(5) that counsel misled defendant by making guarantees and assurances he could not

fulfill; and (6) that counsel coerced Petitioner into pleading to the charges in the plea

agreement.  Petitioner asked the court to modify his sentence.  *Id.*

The motion was opposed by the state and denied by the state district court.

(Exhibits 7 & 8.)  Petitioner appealed. (Exhibit 9.)  The Nevada Supreme Court denied

the appeal, affirming the decision of the district court. (Exhibit 13.)

## II.     Discussion

Respondents move to dismiss the petition, arguing that the claims are all

unexhausted as they have never been fairly presented to the Nevada Supreme Court.

Petitioner opposes dismissal arguing that claims were presented in his appeal of the

denial of his motion to modify his sentence.

### A.     Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the

prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*,

455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[2]  State remedies have not been exhausted

unless the claim has been fairly presented to the state courts.  *Carothers v. Rhay*, 594

F.2d 225, 228 (9th Cir. 1979).  To fairly present a federal claim to the state court, the

---

[2]   28 U.S.C. § 2254 states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of  this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

1  petitioner must alert the court to the fact that he is asserting a claim under the United

2  States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*,

3  529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66.  Submitting a new claim to the

4  state's highest court in a procedural context in which its merits will not be considered

5  absent special circumstances does not constitute fair presentation.  *Castille v. Peoples*,

6  489 U.S. 346, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).  The

7  exhaustion requirement has not been met unless the highest state court has denied the

8  claim on the merits; a denial on procedural grounds is insufficient.  *Harris v. Superior Ct.*

9  *of St. of Cal., Cty. of Los Angeles*, 500 F.2d 1124, 1126 (9th Cir.1974) (en banc), *cert.*

10  *denied*, 420 U.S. 973 (1975).

11         In this instance, the Nevada Supreme Court affirmed the trial court decision on the

12  basis that the claims presented did not fall within the narrow scope of a motion to modify

13  a sentence.  The Nevada Supreme Court concluded:

14             A motion to modify a sentence "is limited in scope to sentences
        based on mistaken assumptions about a defendant's criminal record
15        which work to the defendant's extreme detriment." *Edward v. State,*
        112 Nev. 704, 708, 918 P.2d 321, 324 (1996).  A motion to modify
16        sentence that raises issues outside the very narrow scope of issues
        permissible may be summarily denied. *Id.* At 708-09 n.2, 918 P.2d
17        at 325 n.2.
             Our review of the record on appeal reveals that appellant's
18        claims fell outside the narrow scope of claims permissible in a
        motion to modify a sentence.  Appellant failed to demonstrate that
19        the district court relied upon a mistaken assumption about his
        criminal record that worked to his extreme detriment.  Therefore, the
20        district court did not err in denying this motion.

21

22

23  (Exhibit 13, p. 3.)  Thus, the claims were not considered on their merits by the state's

24  highest court and were denied on a state law basis.

25         The grounds for relief set forth in the federal petition before this court have never

been properly and fairly presented to the Nevada Supreme Court.  They are not exhausted

1    and the petition shall be dismissed without prejudice to allow Petitioner to return to the

2    state court should he desire to attempt to exhaust the claims in the proper forum.[3]

3    **III.    Certificate of Appealability**

4            In order to proceed with an appeal from this order, Petitioner must receive a

5    certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;

6    *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*,

7    236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial

8    showing of the denial of a constitutional right" to warrant a certificate of appealability.

9    *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The

10   petitioner must demonstrate that reasonable jurists would find the district court's

11   assessment of the constitutional claims debatable or wrong."  *Id.* (*quoting Slack*, 529 U.S.

12   at 484).  In order to meet this threshold inquiry, the petitioner has the burden of

13   demonstrating that the issues are debatable among jurists of reason; that a court could

14   resolve the issues differently; or that the questions are adequate to deserve

15   encouragement to proceed further.  *Id.*

16           Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing

17   Section 2254 and 2255 Cases, district courts are required to rule on the certificate of

18   appealability in the order disposing of a proceeding adversely to the petitioner or movant,

19   rather than waiting for a notice of appeal and request for certificate of appealability to be

20   filed.  Rule 11(a).  This Court has considered the issues raised by Petitioner with respect

21   to whether they satisfy the standard for issuance of a certificate of appealability, and

22   determines that none meet that standard.  The Court therefore denies Petitioner a

23   certificate of appealability.

24

25   [3]   The Court also notes that the claims are not exhausted because their federal basis was never presented to the state court.  Petitioner's motion to modify his sentence makes no reference to any federal law or constitutional provision.

**CONCLUSION**

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (ECF No. 12) is GRANTED. The petition is dismissed without prejudice. No certificate of appealability shall issue from this Court.

IT IS FURTHER ORDERED that the Clerk shall enter judgment accordingly and close this file.

DATED this 10th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge