UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAFET CHAVEZ, )<br>)<br>  Petitioner, )<br>  vs. )<br>)<br>ANTHONY SCILLIA, et al., )<br>)<br>  Respondents. )<br>_____ ) | Case No.: 2:10-cv-00234-GMN-LRL<br><br>**ORDER** |

On November 10, 2010, the Court dismissed without prejudice this *pro se* petition for a writ of habeas corpus. (ECF No. 20).  Judgment was entered on November 12, 2010.  (ECF No. 21).  Before the Court is petitioner's motion for relief from judgment, which was filed January 20, 2011 (ECF No. 23).

**I.     MOTION FOR RELIEF FROM JUDGMENT**

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. ACandS, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which

it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In its November 10, 2010 Order, this Court determined that petitioner's grounds for habeas relief were unexhausted in state court and dismissed the petition without prejudice to allow petitioner to return to state court to exhaust, should he so desire.

In the motion for reconsideration, petitioner claims that the Court's decision "was the result of the many false, unfounded claims purported in Respondent's Answer to Petitioner's federal writ." (Mot. 1, ECF No. 23.) Petitioner contends that his claims were fairly presented to the state courts but that those courts acted negligently or in error in denying relief. Such arguments are unpersuasive and fail to address the core issue: the claims were not presented in a procedural context which would have allowed for proper consideration of the claims on their merits. As the record indicates, the Nevada Supreme

Court denied petitioner's motion for sentence modification, specifically holding that the claims raised were outside the narrow scope of permitted issues-- i.e., that the sentence was based on mistaken assumptions about the defendant's criminal record which worked to the defendant's extreme detriment. (*See* Ex. 13, Mot. to Dismiss, ECF No. 13.)

Without extraordinary circumstances, a motion for reconsideration that merely advances new arguments, or supporting facts that were available at the earlier filing, is inappropriate. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Because petitioner has not presented any extraordinary circumstance and attempts to advance arguments that were available at the time the motion to dismiss was still pending, this motion for reconsideration shall be denied.

## II.  CERTIFICATE OF APPEALABILITY

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*  The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The Court explained that:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the Court determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Relief from the Judgment (ECF No. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

DATED this 6th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge